UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:11-cr-0045-JMS-TAB-1 |
| ) | |
| PATRICIA CRAWFORD, ) | |
| ) | |
| Defendant. ) | |

# Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the criminal duty Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on June 23, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). [Dkt. 48.] Proceedings were held on July 10, 2014 and August 26, 2014 in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure.[1] [Dkts. 50, 51.]

On July 10, 2014, defendant Patricia Crawford appeared in person with her appointed counsel, William Dazey. The government appeared by Gayle Helart, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Diane Asher, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

On August 26, 2014, defendant Patricia Crawford appeared in person with her appointed counsel, William Dazey.  The government appeared by Gayle Helart, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Patrick Jarosh, who participated in the proceedings.

The court conducted the following procedures in accordance with Federal Rule of Criminal Procedure 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Ms. Crawford of her right to remain silent, her right to counsel, and her right to be advised of the charges against her.  The court asked Ms. Crawford questions to ensure that she had the ability to understand the proceedings and her rights.

2. A copy of the Petition was provided to Ms. Crawford and her counsel, who informed the court they had reviewed the Petition and that Ms. Crawford understood the violations alleged.

3. The Court advised Ms. Crawford of her right to a preliminary hearing and its purpose with regard to the alleged violations of his supervised release specified in the Petition.  Ms. Crawford was also advised of the rights she would have at a preliminary hearing.  Ms. Crawford executed a written waiver of her right to a preliminary hearing, which the Court accepted.

4. The Court advised Ms. Crawford of her right to a hearing on the Petition and of her rights in connection with a hearing.

5. Ms. Crawford, by counsel, stipulated that she committed Violation Numbers 1, 2 and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"If this judgment imposes a fine or restitution, it is a condition of probation/supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."* |
| 2 | *"The defendant shall pay any restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release."* |

While incarcerated, the offender made payments totaling $1,445 toward the restitution. Since the beginning of her term of supervision, the offender has made two payments, for a total of $480. Both payments were made in April 2014. She has failed to make payments during the other 8 months of supervision and since that time. She is required to pay not less than 10% of her gross monthly income. Currently, the offender has an outstanding restitution balance of $7,734. During her period of supervision, she has been employed; however, she has had some off time due to reported medical and family issues.

| | |
|---|---|
| 3 | *"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer."* |

According to credit information, the offender opened a new line of credit with the Indiana Finance Company in the amount of $13,000 in February 2014. The probation officer did not approve this line of credit.

7. The Government orally moved to dismiss Violation Number 4 and the same was granted.

8. The Court placed Ms. Crawford under oath and directly inquired of Ms. Crawford whether she admitted to Violation Numbers 1, 2, and 3 of her supervised release set forth above. Ms. Crawford then admitted to Violation Numbers 1, 2, and 3 as set forth above.

9. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violations 1, 2 and 3) are all Grade C violations (U.S.S.G. § 7B1.1(a)(2)).

   (b) Ms. Crawford's criminal history category is I.

(c) The range of imprisonment applicable upon revocation of Ms. Crawford's supervised release, therefore, is 3-9 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties agreed on the appropriate disposition of the Petition to recommend to the Court as follows: (a) the Defendant's supervised release is to be revoked; and (b) the Defendant's supervised release to be extended for an additional eighteen (18) months. The Defendant will be required to pay a minimum amount of $383.00 per month toward restitution obligation until her restitution obligation has been satisfied.

The Court, having heard the admissions of the Defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, PATRICIA CRAWFORD, violated the above-specified conditions in the Petition and that her supervised release should be and therefore is **REVOKED** and her supervised release is extended for an additional eighteen (18) months. The defendant will be required to pay a minimum of $383.00 per month toward restitution.

Counsel for the parties and Ms. Crawford entered the above stipulations and waivers with the understanding that the District Court may refuse to accept the stipulations and waivers and may conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the Magistrate Judge recommends that the Court adopt the above recommendation revoking Ms. Crawford's supervised release, imposing a sentence of an additional eighteen (18) months of supervised release and requiring the defendant to pay a minimum of $383.00 per month toward her restitution obligation until her restitution obligation has been satisfied. The defendant is released pending the District Court's action on this Report

and Recommendation. Any objections to this order shall be filed within fourteen (14) days of the service of this order pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b).

IT IS SO RECOMMENDED.

Date: 08/29/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal